RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 3/2/11
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| STANDARD LIFE & ACCIDENT INSURANCE COMPANY | CIVIL ACTION NO. 1:09-cv-1416 |
| -vs- | JUDGE DRELL |
| MICHAEL BILLINGS, ET AL. | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court are cross-motions for summary judgment by Defendants Mildred Gatheright ("Gatheright") (Doc. 19) and Michael Billings ("Billings") (Doc. 27). Gatheright and Billings are Defendants in the present interpleader action, each claiming sole right to the proceeds of two life insurance policies with a total value of $8,000.[1] We PARTIALLY GRANT and PARTIALLY DENY each party's motion, and in doing so resolve the entirety of the case.

## BACKGROUND

Plaintiff Standard Life & Accident Insurance Company ("Plaintiff" or "Standard") issued two policies in 1994 and 1995 respectively, insuring the life of Bruce Dale Billings, Sr. ("the decedent"). The decedent was the father of Defendant Billings, and romantically involved with Defendant Gatheright.

The named beneficiary on the policies changed on numerous occasions over the years. Most recently, prior to November 2008, Gatheright was the named beneficiary. On November 10, 2008,

---

[1] The policies as issued were worth $5,000 and $3,000 respectively. With interest, their value is now apparently between $8,300 and $8,400. The total has been deposited in the court's registry, and Plaintiff has appropriately been awarded reasonable attorney fees, in this case of $1,000.

the decedent apparently executed a general power of attorney or mandate in favor of Billings, who used that authority to designate himself the beneficiary on November 26, 2008.[2] Decedent died less than two weeks later, on December 7, 2008.

Soon thereafter both Defendants made a claim on the policy against Standard.[3] Standard claimed no interest in the proceeds, so it filed an interpleader action against all Defendants and deposited the entirety of the disputed funds in the registry of the Court. The Court subsequently granted Standard's motion to dismiss in which, after initially claiming a much larger amount, it graciously agreed to take only $1,000 in attorney fees. (Doc. 25). It is our understanding that these funds have been or are soon to be disbursed, resolving all of Standard's interests in the case and leaving between $7,300 and $7,400 of disputed funds in the Court's registry. (Doc. 32).

## ANALYSIS

The sole issue in dispute is the status of Billings' designation of himself as beneficiary under his father's mandate. Gatheright claims that this designation is null as a matter of law as it violates a mandatary's prohibition against self-dealing absent express authorization. Billings claims it does not amount to self-dealing because it was done in anticipation of his father's funeral costs, which totaled $6,901.38, and which the estate otherwise could not have afforded to pay. He thus analogizes

---

[2] In the initial interpleader complaint, Plaintiff raised questions about whether the new beneficiary designations had actually been executed prior to decedent's death, and decedent's mental capacity in executing the power of attorney. Neither party here raises these factual issues in their answers, summary judgment motions, or accompanying memorandum. As both assert that the only open issue is the validity of the mandate under Louisiana law, we treat these factual issues as settled.

[3] Hixson Brothers, L.L.C., ("Hixson") also initially made a claim on the policy and is a defendant in this action, on the basis that Billings pledged the proceeds to them as payment for decedent's funeral services. However, it has not participated in this action since waiving service, including by failing to file an answer, and Billings has since claimed to have paid Hixson in full from personal funds. We assume that Billings' unchallenged representations are truthful and that Hixson therefore has no further direct interest in the litigation.

the designation as the equivalent of an onerous donation *inter vivos* rather than pure self-dealing.

It is well-established that a mandatary cannot engage in self-dealing without express authorization, including by taking life insurance proceeds for one's self. La. Civ. Code 2998; *Succession of Conville v. Bank One, Louisiana, N.A.*, 920 So.2d 397, 403 (La. App. 2 Cir. 2006) (hereinafter "*Conville*"). On the other hand, a mandatary may engage in such "self-dealing" if it is not actually "self-dealing" but instead fulfills a duty to the mandate. La. Civ. Code 2998. So, a mandatary may not name herself as a life insurance beneficiary for her own benefit, but she could cash out such a policy, even without express authorization and to the exclusion of its named beneficiaries, if the funds were needed to pay the principal's medical expenses. *Conville*, 920 So.2d at 403.

The question, then, is how to characterize funds appropriated for funeral expenses. The parties present no cases on-point, and we found none in our own research. However, we do not find the question difficult. It would be perverse to argue that providing for a proper burial is not in the interest of the principal, or otherwise encompassed by a general mandatary's duty to that principal. Accordingly, where there is no indication of impropriety, exorbitance, or waste in arranging a funeral, and where the funds actually were spent paying for said funeral, we do not find that a mandatary appropriating funds to himself for the purpose of paying out-of-pocket funeral costs is self-dealing in the sense prohibited by the Civil Code, or otherwise violates his duty to the principal.

Accordingly, here Billings is entitled to $6,901.38 as payment for his out-of-pocket costs for his father's funeral. The remainder of the funds he had no right to designate to himself, as then he would profit from his mandate without express authorization. The balance of the deposited funds, therefore, after payments to Standard of $1,000 for its attorney fees and to Billings as discussed here,

should go to the previously designated beneficiary, Gatheright.

This ruling shall be memorialized in a separate judgment also issued this date. As these findings should allocate the entirety of the funds at issue, we consider that they resolve the case, and that all other claims relating hereto should be dismissed.

SIGNED on this 1st day of March, 2011 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE